IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN JOSE SERVIN, § <br> #24486-179, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> C. RIVERS, § <br> RESPONDENT. § | CASE NO. 3:23-CV-1127-X-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Juan Jose Servin's *pro se* petition for habeas corpus under 28 U.S.C. § 2241 was referred to the undersigned United States Magistrate Judge for case management, including entry of findings and a recommended disposition. As detailed here, the petition should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Servin, a federal prisoner at the Federal Correction Institution (FCI) in Seagoville, Texas, challenges a prison disciplinary proceeding—specifically, the resulting loss of good time credit. Doc. 3 at 3.

On October 23, 2021, Servin was given a copy of an incident report alleging that on that day, he possessed a hazardous tool (a cellular phone), in violation of the Federal Bureau of Prisons (BOP) disciplinary code. Doc. 9 at 13–18. During an investigation, also conducted that day, Servin was advised of his right to remain silent, after which Servin stated, "I don't know anything about a cell phone Lou [Lieutenant]. That is not mine and I don't know who put it

there but Lieutenant that is not mine. I am not taking responsibility for that phone that [is] not mine." Doc. 9 at 18. Ultimately, the charge was referred to the Discipline Hearing Officer (DHO) for "disposition." Doc. 9 at 17.

On October 27, 2021, Servin was informed of his rights in relation to a disciplinary hearing and any subsequent administrative appeals. Doc. 9 at 22. Servin waived in writing his rights to have a staff representative and present witnesses at the disciplinary hearing. Doc. 9 at 24–25. Servin appeared before the DHO on November 4, 2021. Doc. 9 at 24. In a subsequent written report, the DHO recounted the evidence presented in the incident report.

> [O]n 10/23/2021 at approximately 10:55 A.M. staff conducted a search of cell 204 in unit E-A. Upon entering the cell it was observed that Inmate SERVIN, JUAN, #24486-179 was sitting on his bed, E02-041L. Inmate SERVIN was instructed to exit the cell and submit to a search to which he complied. I, officer K. Johnson, discovered a blue in color AT&T cell phone attached to Inmate SERVIN['S] bedframe, E02-041l, via a magnet. Staff also discovered a white in color LG phone charger plugged into the outlet behind inmate SERVIN['S] bed, E02-041L.
>
> [Servin] stated to the UDC [Unit Disciplinary Committee], the phone does not belong to [Servin]. [Servin] elected not to make a statement to the DHO.

Doc. 9 at 25–26.

The DHO concluded that "the greater weight of the evidence, eye witness [sic] account of the incident, Photo sheet and written report. . . convinced [him]" that "[Servin] committed the prohibited act of Possession, Introduction of a Hazardous Tool (cellphone). . . ." Doc. 9 at 26. As punishment, the DHO disallowed 41 days of Servin's good conduct time credit, imposed 15 days of disciplinary segregation, and suspended Servin's commissary, telephone and visiting privileges for 90 days. Doc. 9 at 26.

In his habeas petition, Servin asserts his actual innocence of the infraction. Doc. 3 at 7. He contends he "had no possession, control, or use of the cell phone." Doc. 3 at 9. He relies on

2

an affidavit of his cell mate, David Cerna, who was subject to the same cell search as Servin. Doc. 3 at 8. In the January 26, 2022, affidavit, Cerna admitted that drugs were found in his possession and stated that he "accepted responsibility" for possession of the cellular phone that gave rise to Servin's disciplinary proceeding.[1] Doc. 3 at 18. As relief, Servin requests that the Court "overturn the erroneous conviction and order [his] good time credits restored and expunge the incident from the record." Doc. 3 at 10.

Respondent argues the petition lacks merit. Doc. 8. Servin has not filed a reply. Upon review, the Court concludes that at least some evidence supports Servin's disciplinary conviction. Thus, his claim fails.

**II. APPLICABLE LAW**

BOP authorities may award credit to inmates against their prison sentences as a reward for good behavior. 18 U.S.C. § 3624(b). An inmate may not be deprived of these so-called "good time credits" for a disciplinary violation unless afforded due process. *Wolff v. McDonnell,* 418 U.S. 539, 570 (1974). Due process is satisfied when the inmate is given (1) advance written notice of the charges, (2) the opportunity to appear and call witnesses, (3) the opportunity, in certain situations, for the assistance of a fellow inmate or staff, and (4) a written statement by the fact finder of the evidence relied on for the decision. *Id.* at 563–70. Federal prisoners may contest the loss of good time credits under 28 U.S.C. § 2241, which is the proper procedural vehicle for a prisoner to challenge "the execution of his sentence rather than the validity of his conviction and sentence." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

---

[1] Servin did not submit Cerna's affidavit until his regional administrative appeal. Doc. 3 at 29; Doc. 3 at 36.

3

In reviewing an institution's disciplinary actions, the Court need only consider if the decision was supported by "some basis in fact" or "a modicum of evidence." *Superintendent Massachusetts Corr. Institution v. Hill*, 472 U.S. 445, 454–56 (1983); *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citation omitted) (court should consider whether disciplinary action is "supported by 'some facts' 'whether any evidence at all' supports the action taken by the prison officials."). Federal court intervention is appropriate only when the prison official's action is "arbitrary or capricious[.]" *Reeves v. Pettox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Moreover, the evidence need not eliminate all other conclusions, nor does the "some evidence" standard require a weighing of the evidence or an independent assessment of witness credibility. *Hill*, 472 U.S. at 455–56. An incident report alone can constitute some evidence. *See Hudson v. Johnson*, 242 F.3d 534, 536–37 (5th Cir. 2001).

### III.  ANALYSIS

Servin has not alleged a due process violation. That notwithstanding, the Court finds he was afforded all required due process during his disciplinary proceedings. As recounted *supra*, Servin received written notice of the allegations and was advised of his right to have a staff representative and to call witnesses at the hearing before the DHO (which he declined) and, following the November 4, 2021, disciplinary hearing, was provided a copy of the written decision that summarized the evidence on which the DHO relied, on January 10, 2022. Doc. 9 at 20, 22, 24–26.

Servin instead contests the sufficiency of the evidence, arguing that the contraband was found in the common area of a prison cell to which Inmate Cerna had access and that Cerna has since admitted to owning the phone. The written report of the DHO reflects that he considered Servin's version of the events and impliedly rejected it. Doc 9. at 26. In essence, Servin now

4

invites this Court to reweigh the evidence, considering Cerna's affidavit, and substitute its credibility findings for those of the DHO.  That, the Court cannot do.

At a minimum, some evidence supports the charge against Servin.  As recounted above, the DHO's decision was supported by the incident report, which detailed the discovery of a cellular phone attached to the underside of the bed frame of Servin's assigned bunk, a photograph of the telephone the employee discovered, a chain-of-custody log for the telephone, and an electronic record confirming that at the time of the infraction, Servin was assigned to the bunk where the telephone was found.  Doc. 9 at 18.  Despite Servin's belated protestations that Cerna actually owned the phone, Courts previously have found sufficient evidence to sustain disciplinary charges where a prohibited item is found in the inmate's living quarters—even where other inmates had access to the area.  *See, e.g.*, *Flannagan v. Tamez*, 368 F. App'x 586, 588 n.6 (5th Cir. 2010) (upholding disciplinary action against inmate where contraband was found in an area that he shared with five other inmates); *Buitrago v. Mejia*, 2015 WL 5092603, at *3 (N.D. Tex. Aug. 28, 2015) ("An inmate who shares living quarters with other inmates may be held responsible for possession of a hazardous tool found concealed in the living quarters and accessible to all of the inmates who live there[.]").

Likewise, where a cellular phone is found under the inmate's own pillow in a common area, Courts have concluded there was at least some evidence to support the charge that the inmate improperly possessed a cellular phone.  *See Pruitt v. Martin*, 582 F. App'x. 319, 320 (5th Cir. 2014) (upholding disciplinary conviction); *Jackson v. Zook*, No. 3:20-CV-2987-B-BK, 2021 WL 748099, at *2 (N.D. Tex. Feb. 26, 2021) (same).  In *Pruit*, the Court observed that "although other inmates had access to [the inmate's] cell and could have gained access to [his] bed, [the inmate] had greater dominion and control over his own bed and was personally responsible,

5

under prison rules, for keeping his bed free of contraband." 582 F. App'x at 320; *see also Jackson*, No. 3:20-CV-2987-B-BK, 2021 WL 748099, at *2 (finding inmate had constructive possession of a cell phone discovered in a five-man dormitory under the inmate's pillow).

Here, as in *Pruitt* and *Jackson*, the cellular phone was recovered from Servin's bed frame—an area over which he had greater control than other inmates and for which he was responsible for keeping free of contraband under prison regulations.

In sum, based on the record before the Court, there is clearly "some basis in fact" and more than a "modicum of evidence" to support the DHO's finding of a disciplinary violation. Thus, Servin is not entitled to relief.

### IV. CONCLUSION

For the foregoing reasons, Servin's petition for habeas corpus under 28 U.S.C. § 2241 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 19, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).